**IN THE UNITED STATES DISTRICT**
**FOR THE DISTRICT OF NEW JERSEY**

JOHN F. CURRAN,

    Plaintiff,

  v.

NORTHRUP GRUMMAN CORP.; BAE SYSTEMS, TACTICAL VEHICLE SYSTEMS, LP; PRATT AND MILLER, INC.; and MART T. KIMMITT, Individual,

    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil No. 15-7567 (JBS-KMW)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge**:

    This matter, filed by Plaintiff, John F. Curran, III, was permitted to be filed in forma pauperis by Order of August 24, 2016 [Docket Item 4]. That Order also provided that the case would be subject to judicial screening as required for in forma pauperis cases under 28 U.S.C. § 1915(e)(2). That statute requires that pursuant to such screening, "the court shall dismiss the case at any time if the court determines that -- . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In the case of a pro se plaintiff, the complaint is to be construed liberally to do substantial justice, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "pro se litigants still

must allege sufficient facts in their complaints to state a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)(citation omitted). Mere conclusory statements and formulaic recitation of the elements of a cause of action will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citation omitted).

The Court's preliminary review assumes factual allegations as pled in the Complaint to be true, but no findings are made herein as to their truthfulness. Applying these standards, the Complaint attempts to state claims for the breach of a non-disclosure agreement (Counts 1 and 2); misappropriation of trade secrets under New Jersey law (Count 3); unfair competition under 15 U.S.C. § 1125(a) (Count 4); patent infringement under 35 U.S.C. § 271(a) (Count 5); and induced infringement under 35 U.S.C. § 271(b) (Count 6). The Complaint seeks to compel a return of proprietary designs and other materials, other injunctive relief, compensatory damages, and punitive damages.

The Complaint alleges a basis for federal question and patent jurisdiction under 28 U.S.C. §§ 1331 and 1338, and diversity jurisdiction over state law claims under 28 U.S.C. § 1332.

Accordingly, it does not appear that the Complaint is frivolous or malicious. The pleading of the patent claims in

Counts 5 and 6 is deficient, however, and these allegations currently fail to state a claim for the following reasons.

In a claim for direct infringement, such as Count 5, a plaintiff must allege five elements to state a claim: (1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to federal patent law. Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000). Count 5 of the Complaint, while alleging patent infringement and citing the federal patent statute, fails to allege element (1), ownership of the patent; element (3), a citation to the infringed patent by U.S. Patent Number; and element (4), the infringing activity of each accused Defendant, including the patent claims that are allegedly infringed. Generally, only the patent owner, assignee, or licensee may pursue an infringement claim. Waterman v. MacKenzie, 138 U.S. 252 (1891); Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1367-68 (Fed. Cir. 2003), and the Complaint fails to allege that Mr. Curran has these ownership rights. Likewise, the patent itself is not identified, nor is a copy of an issued patent attached to the Complaint. While Count 5 must therefore be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii), the Court will give Mr.

Curran the opportunity to correct these deficiencies in an Amended Complaint as explained below.

Similarly, in a claim for induced patent infringement, such as Count 6, a plaintiff is required to plead that the alleged infringer knowingly induced the infringement of plaintiff's patent through some affirmative act. DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1306 (Fed. Cir. 2006); Tegal Corp v. Tokyo Electron Co., Ltd., 248 F.3d 1376, 1378 (Fed. Cir. 2001). The complaint must also assert that the activity induced by the defendant constitutes direct infringement. As with direct infringement, the Complaint for induced infringement must also identify ownership, and cite the patent and claims therein that were infringed. Count 6 falls short of these standards and thus fails to state a claim on which relief may be granted. Accordingly, the Court will dismiss Count 6 without prejudice, again giving Plaintiff the opportunity to cure these deficiencies by an Amended Complaint.

The Court will authorize the present Complaint to proceed only as to Counts 1-4, while Counts 5 & 6 will be dismissed without prejudice.

**Procedure for Motion to Amend.** If Plaintiff believes he can cure the deficiencies noted in Counts 5 & 6, he may file a motion for leave to file an amended complaint setting forth the required elements for Counts 5 & 6, and attaching to his motion

a copy of the proposed Amended Complaint. Plaintiff must file his motion for leave to amend within thirty (30) days of the entry of this Memorandum Opinion and Order upon the docket, unless he timely requests and receives more time to do so for good cause.

**Service of Process.** Meanwhile, the Complaint may proceed as to Counts 1-4 and the Clerk of Court shall issue summonses for service of the Complaint and USM-285 Forms to the Marshall, who shall forward the USM-285 Forms to the Plaintiff for Plaintiff to fill out appropriately and speedily return to the Marshal. The Marshal cannot serve process without a completed USM-285 Form for each named defendant. Such service of process must be completed within 90 days of the date of this Memorandum Opinion and Order are entered permitting the case to proceed in part, pursuant to Rule 4(m), Fed. R. Civ. P., unless extended for good cause.

The accompanying Order is entered.

| | |
|---|---|
| **April 6, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |